**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRYCE MARTIN AGNEW,

      Petitioner-Appellant,

v.

TERRY MARTIN, Warden,

      Respondent-Appellee.

No. 12-5207
(D.C. No. 4:12-CV-00067-GKF-PJC)
(N.D. of Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

---

Bryce Agnew, a state prisoner proceeding *pro se*, requests a certificate of appealability (COA) to appeal the district court's denial of his untimely petition for habeas relief under 28 U.S.C. § 2254. Agnew also requests leave to proceed *in forma pauperis* (IFP). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny both requests and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I.  Background

In February 2010, Agnew entered a blind guilty plea in Oklahoma state court to one count of lewd molestation of an eleven-year-old girl.  In the summary of facts for his guilty plea, Agnew wrote, "On or about July 9 2009 I felt the private parts of MTA, whose birth date is 10-6-97 in Washington County, Oklahoma and I was 66 years old."  R., Vol. 1 at 26 (punctuation in original).  On May 10, 2010, after a hearing, the judge sentenced Agnew to twenty years' imprisonment, with five years suspended, and fined Agnew $2,500, including $1,000 in victim compensation.  Agnew did not file a motion to withdraw his plea nor did he appeal the conviction or sentence.

He did, however, file a one-page request for judicial review almost a year later, on March 4, 2011.  He asked the trial court to "consider suspending part of the time imposed, or in the alternative, reduce the total sentence as imposed."  *Id.* at 39.  The request was summarily denied on March 15, 2011.

Next, Agnew filed an application for post-conviction relief in state court on November 17, 2011.  The trial court denied his application on November 28, noting that Oklahoma law "prohibits the assertion of claims that could have been raised on direct appeal."  *Id.* at 43; *accord* Okla. Stat. Ann. tit. 22, § 1086 (West 2013).  The court did, however, remind Agnew that he had "thirty (30) days from the date of this order" to file an appeal with the Oklahoma Court of Criminal Appeals (OCCA).  R., Vol. 1 at 43 (capitalization omitted).  Agnew waited thirty-

one days to file his appeal, and for his untimeliness, the OCCA declined jurisdiction and dismissed the appeal pursuant to its Rule 5.2(C)(2).

Finally, on February 13, 2012, Agnew filed a petition for a writ of habeas corpus in the Western District of Oklahoma. The district court observed that, even accounting for every possible tolling period, Agnew's petition was filed well after the statute of limitations for habeas petitions from state prisoners, per the Antiterrorism and Effective Death Penalty Act of 1996. The court also noted Agnew's pleadings fell far short of alleging the extraordinary circumstances necessary for equitable tolling of the limitations period. On these grounds, the district court denied Agnew's petition.

Now Agnew requests a COA to appeal the district court's decision.

## II. Analysis

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this court first issues a COA. *Id.* § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where, as here, the district court denies habeas relief on procedural grounds, the

petitioner must demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478.

In his COA request, Agnew recites no facts and makes no argument. Instead, he attempts merely to incorporate by reference his filings below. But "[l]ike other circuit courts, we do not consider this acceptable argument." *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623–24 (10th Cir. 1998). "[A]rguments not set forth fully in the opening brief are waived . . . ." *Id.* at 624; *see also, e.g.*, Fed. R. App. P. 28(a)(9)(A) ("The appellant's brief must contain . . . the argument, which must contain: appellant's contentions and the reasons for them . . . ."). So we decline to address whether the district court erred in determining that the statute of limitations had run and that equitable tolling does not apply.

To be sure, Agnew is proceeding *pro se*, so we must construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). But where Agnew does not file anything of substance, there is nothing to construe. *Cf. id.* at 1110 (concluding "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite [lack of legal authority, confused legal analysis, grammatical mistakes,] or [] unfamiliarity with pleading requirements," but also concluding "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). Agnew

apparently did not review the district court's decision carefully enough and explain—even in the barest of terms—how the lower court erred, and we will not "assume the role of advocate for the *pro se* litigant," *id.*, by searching for an error *sua sponte* here.[1]

## III.  Conclusion

Accordingly, we DENY Agnew's request for a COA, DENY his motion to proceed IFP, and DISMISS his appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

---

[1]  In an abundance of caution, we did review the district court's statute of limitations analysis and Agnew's conclusory argument below that his petition was untimely "throug[h] no fault of his own," R., Vol. 1 at 124.  We found no error.